## THE EMPIRE TRANSPORTATION COMPANY

### *v.*

## RICHARDS BROTHERS.

1. REMOVAL OF CAUSE TO FEDERAL COURT—*duty of State court to order when proper showing is made.* Where a corporation, created and existing under the laws of another State, and having its principal office in another State, is sued in a court of this State, and, at the first term at which the cause could be tried, presents its petition for the removal of the cause to the Circuit Court of the United States, verified by affidavit, and accompanied by a bond, such as the act of Congress has prescribed, and no objection is raised as to the form of the bond or the sufficiency of the surety, it is the plain duty of the State court to make the order for the removal.

2. In such case, the sureties are not bound to justify until a rule to do so is laid upon them, and in the absence of any objection to the bond it will be presumed to be sufficient.

3. SAME—*who may approve the bond.* If objections be interposed to the bond in the State court, it seems that court ‚has power to pass upon the sufficiency of the bond and to require proper sureties.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

This suit was commenced in attachment, in the circuit court of Champaign county, to the September term, 1875, against the Empire Transportation Company, a corporation created by, and existing under, the laws of the State of Pennsylvania, and having its principal office in that State. The grounds of the attachment are, that defendant corporation "is not a resident of this State." At the first term of court after the suit was commenced, defendant appeared and filed a petition for the removal of the cause from the State court to the Circuit Court of the United States for the Southern District of Illinois, under the act of March 3, 1875. The petition was verified by affidavit, and was accompanied with such bond as the act of Congress requires, but the court overruled the motion, and afterwards the cause was submitted to a jury for trial, who found a verdict for plaintiffs in the sum of $837.20, upon which the court rendered judgment. Defendant brings the case to this court on appeal, and having preserved, in the usual mode, exceptions to the rulings of the court, and, among others, to its ruling on the motion to remove the cause to the United States Court, that decision is assigned for error.

Messrs. SOMERS & WRIGHT, for the appellant.

Messrs. SWEET & DAY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The petition of defendant for the removal of the cause to the Circuit Court of the United States was presented at the

first term of the State court at which the case could be tried, was verified by affidavit, and was accompanied with a bond, such as the law has prescribed, with "good and sufficient security." At least, the presumption must be indulged it was such bond as the act of Congress requires, as plaintiffs objected to neither the form of the bond nor the sufficiency of the sureties.

On reference to the act of March 3, 1875, under which it was sought to remove the cause from the State court, where it had been commenced, to the Federal court, it will be observed there is nothing in the act that, in express terms, makes it the duty of the State court to approve the bond in such cases; but as the statute requires a bond, with "good and sufficient" security, shall be presented with the petition, those words may be understood as conferring upon the State court, where objections are interposed, power to approve the bond and to require that the sureties offered shall be sufficient. Unless objections are made, it must be understood the party for whose indemnity the bond is made is satisfied with it, and it is apprehended it is not the duty of the court to raise objections to the sufficiency of the sureties, that such party does not choose to raise for himself. As in the case at bar, it is conceded the sureties on the bond were the counsel appearing in court for defendant, and plaintiffs may have known they were abundantly sufficient, and that it would be simply trifling to raise such objection. Neither the petition nor the bond was objected to, and there was really no question made for the court to decide.

Defendant showed itself entitled to the jurisdiction of another court, and it was the plain duty of the State court to make the order for the removal of the cause to the Federal court. Had plaintiffs objected to the sufficiency of the sureties on the bond, no doubt they would have justified, as would have been their duty to do; but they were not called upon, by any objection, to show cause, and they were not bound, in the first instance, to do so until a rule to that effect was laid upon them.

This view renders it unnecessary to consider other questions raised on the argument.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*